| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)<br>Kelly D. Curtin, Esq. (kdcurtin@pbnlaw.com)<br>Rachel A. Parisi, Esq. (raparisi@pbnlaw.com)<br>*Proposed Counsel to Debtors* | |
| In Re:<br>Garces Restaurant Group, Inc., d/b/a Garces Group,<br><br>Debtor. | Case No.: 18- 19054 (JNP)<br><br>**Hearing Date and Time:**<br>**May 3, 2018, at 2:00 p.m.**<br><br>Chapter: 11 |
| In Re:<br>GRGAC1, LLC d/b/a Amada,<br><br>Debtor. | Case No.: 18-19046 (JNP)<br><br>Chapter: 11 |
| In Re:<br>GRGAC2, LLC d/b/a Village Whiskey,<br><br>Debtor. | Case No.: 18-19048  (JNP)<br><br>Chapter: 11 |
| In Re:<br>GRGAC3, LLC d/b/a Distrito Cantina,<br><br>Debtor. | Case No.: 18-19050 (JNP)<br><br>Chapter: 11 |
| In Re:<br>GRGAC4, LLC,<br>Debtor. | Case No.:  18-19040 (JNP)<br><br>Chapter: 11 |
| In Re:<br>Latin Valley 2130, LLC,<br><br>Debtor. | Case No.: 18-19068 (JNP)<br><br>Chapter: 11 |
| In Re:<br>La Casa Culinary, LLC d/b/a Amada Restaurant,<br><br>Debtor. | Case No.: 18-19059 (JNP)<br><br>Chapter: 11 |
| In Re:<br>Garces Catering 300, LLC d/b/a Garces Catering, | Case No.: 18-19055 (JNP) |

3934477

| | |
|---|---|
| Debtor. | Chapter: 11 |
| In Re:<br>Latin Quarter Concepts, LLC d/b/a Tinto d/b/a Village Whiskey,<br><br>Debtor. | Case No.: 18-19060 (JNP)<br><br>Chapter: 11 |
| In Re:<br>Urbanfarm, LLC d/b/a JG Domestic,<br><br>Debtor. | Case No.: 18-19069 (JNP)<br><br>Chapter: 11 |
| In Re:<br>GR300, LLC d/b/a Volver,<br><br>Debtor. | Case No.: 18-19056 (JNP)<br><br>Chapter: 11 |
| In Re:<br>GRG2401, LLC,<br><br>Debtor. | Case No.: 18-19061 (JNP)<br><br>Chapter: 11 |
| In Re:<br>GRGChubb1, LLC,<br><br>Debtor. | Case No.: 18-19062 (JNP)<br><br>Chapter: 11 |
| In Re:<br>GRGFC1, LLC,<br><br>Debtor. | Case No.: 18-19057 (JNP)<br><br>Chapter: 11 |
| In Re:<br>GRGKC1, LLC,<br><br>Debtor. | Case No.: 18-19066 (JNP)<br><br>Chapter: 11 |
| In Re:<br>GRGWildwood, LLC,<br><br>Debtor. | Case No.: 18-19064(JNP)<br><br>Chapter: 11 |
| In Re:<br>GRGNY2, LLC,<br>Debtor. | Case No.: 18-19063 (JNP)<br><br>Chapter: 11 |

**DEBTORS' MOTION FOR AN ORDER DIRECTING JOINT**
**ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

GRGAC1, LLC d/b/a Amada, GRGAC2, LLC d/b/a Village Whiskey, GRGAC3, LLC

d/b/a Distrito Cantina, GRGAC4, LLC, Garces Restaurant Group, Inc. d/b/a Garces Group, Latin

2

3934477

Valley 2130, LLC, La Casa Culinary, LLC d/b/a Amada Restaurant, Garces Catering 300, LLC d/b/a Garces Catering, Latin Quarter Concepts, LLC d/b/a Tinto d/b/a Village Whiskey, UrbanFarm, LLC d/b/a JG Domestic, GR300, LLC d/b/a Volver, GRG2401, LLC, GRGChubb1, LLC, GRGFC1, LLC, GRGKC1, LLC, GRGWildwood, LLC, and GRGNY2, LLC, (collectively, the "Debtors"), by and through their proposed undersigned counsel, hereby submit this motion (the "Motion"), for entry of an order, in substantially the form attached hereto, directing joint administration of their related chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of United States Code, 11 U.S.C. §§ 101, *et. Seq*. (the "Bankruptcy Code"), commencing the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases," and each, a "Chapter 11 Case") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

5. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made and, as of the date of the filing of the

Motion, no official committees have been appointed or designated.

6. A detailed description of the Debtors' business and the facts precipitating the filing of the Debtors' chapter 11 cases is set forth in the Affidavit of Jose Garces in Support of the Debtors' Chapter 11 Petition And First Day Motions (the "Garces Affidavit") filed concurrently herewith and incorporated by reference

### RELIEF REQUESTED

7. By this Motion, the Debtors request entry of an order directing the joint administration of their Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases. The Debtors propose to designate the chapter 11 case of *Garces Restaurant Group, Inc., d/b/a Garces Group,* as the main bankruptcy case.

8. Accordingly, the Debtors request that the cases be administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>Garces Restaurant Group, Inc., d/b/a Garces Group, *et al.*,[1]<br><br>Debtors. | Case No.: 18-19054 (JNP)<br><br>(Jointly Administered)<br><br>Chapter: 11 |

9. The Debtors also request that a docket entry, in each of the above captioned

---

[1] The Debtors in these Chapter 11 Cases (joint administration pending) and the last four digits of their employee identification numbers are: GRGAC1, LLC d/b/a Amada (7047); GRGAC2, LLC d/b/a Village Whiskey (7079); GRGAC3, LLC d/b/a Distrito Cantina (7109); GRGAC4, LLC (0542); Garces Restaurant Group, Inc. d/b/a Garces Group (0697); Latin Valley 2130, LLC; La Casa Culinary, LLC d/b/a Amada Restaurant (4127); Garces Catering 300, LLC d/b/a Garces Catering (3791); Latin Quarter Concepts, LLC d/b/a Tinto d/b/a Village Whiskey (0067); UrbanFarm, LLC d/b/a JG Domestic (3014); GR300, LLC d/b/a Volver (0347); GRG2401, LLC (7222); GRGChubb1, LLC (8350); GRGFC1, LLC (2040); GRGKC1, LLC; GRGWildwood, LLC (9683); and GRGNY2, LLC (0475).

cases, substantially similar to the following, be entered to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of: GRGAC1, LLC d/b/a Amada (Case No. 18-19046); GRGAC2, LLC d/b/a Village Whiskey (Case No. 18-19048); GRGAC3, LLC d/b/a Distrito Cantina (Case No. 18-19050); GRGAC4, LLC (Case No. 18-19040); Garces Restaurant Group, Inc. d/b/a Garces Group (Case No. 18-19054); Latin Valley 2130, LLC (Case No. 18-19068); La Casa Culinary, LLC d/b/a Amada Restaurant (Case No. 18-19059); Garces Catering 300, LLC d/b/a Garces Catering (Case No. 18-19-055); Latin Quarter Concepts, LLC d/b/a Tinto d/b/a Village Whiskey (Case No. 18-19060); UrbanFarm, LLC d/b/a JG Domestic (Case No. 18-19069); GR300, LLC d/b/a Volver (Case No. 18-19056); GRG2401, LLC (Case No. 18-19061); GRGChubb1, LLC (Case No. 18-19062); GRGFC1, LLC (Case No. 18-19057); GRGKC1, LLC (Case No. 18-19066); GRGWildwood, LLC (Case No. 18-19064); and GRGNY2, LLC (Case No. 18-19063). All further filings and docket entries shall be made in the chapter 11 case of In re Garces Restaurant Group, Inc., d/b/a Garces Group Case, *et al.,* Case No. 18-19054.

10. The Debtors will file consolidated monthly operating reports, but to the extent feasible, will separately set forth disbursements for each Debtor as schedule to the extent required by the *United States Trustee Operating Guidelines*, with said reports to be filed in the lead case (Case No. 18-19054) rather than in each of the Debtors' individual cases.

## **BASIS FOR RELIEF**

11. Rule 1015(b) of the Bankruptcy Rules provides that "[i]f a joint petition of two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors in these cases are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein. *See* Garces Affidavit.

12. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein. Specifically, section 105(a) states that a bankruptcy court "may

5

issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

13. Joint administration orders in multiple related cases is common and promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See, e.g., In re 710 Long Ridge Road Operating Company II, LLC, et. al.,* Case No. 13-13653 (DHS) (Bankr. D.N.J. Feb. 27, 2013); *see also, In re Fedders North Americas Inc., et. al.,* Case No. 07-11176 (BLS) (Bankr. D. De. Aug. 23, 2007); *In re N.S. Garrott & Sons,* 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.,* 954 F.2d 1, 11 (1st Cir. 1992).

14. Joint administration of the Debtors' cases will obviate the need for duplicative notices, motions, and orders, and thereby save considerable time and expense for the Debtors and their estates. The Debtors anticipate that numerous notices, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in the filing and service of numerous duplicative pleadings. Such duplication of substantially identical documents would be extremely wasteful.

15. Joint administration will also permit the Clerk to use a single general docket for all of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each chapter 11 case will be apprised of the various matters before the Court in the other cases.

16. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The

Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

17. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified if the cases are jointly administered as requested herein.

## WAIVER OF MEMORANDUM OF LAW

18. Because the legal basis upon which the Debtors rely is incorporated herein and the Motion does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013 1(a)(3).

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

19. To the extent applicable, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and a waiver of any stay of the order proposed herein, including under Bankruptcy Rules 4001(a)(3) and 6004(h).

## NO PRIOR REQUEST

20. No prior request for relief sought herein has been made to this Court or any other court.

## NOTICE

21. By separate application filed simultaneously herewith, the Debtors have requested that the Court shorten the notice period and grant an expedited interim hearing on the Motion and other "first day motions" so that the Debtors have sufficient funds to continue operations.

22. The Debtors respectfully request it be authorized to provide notice of the Motion by hand, overnight mail, first class mail, facsimile or by electronic mail, upon: (i) the Office of

the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, 1085 Raymond Boulevard, Newark, NJ 07102; (ii) counsel for the M&T, c/o Diane E. Vuocolo, Greenberg Traurig, LLP, 2700 Two Commerce Square, 2001 Market Street, Philadelphia, PA 19103; (iii) the Debtors' secured creditors; (iv) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016 (overnight mail address); (v) the New Jersey Division of Taxation Compliance and Enforcement Bankruptcy Unit, 50 Barrack Street, P.O. Box 245, 9th Floor, Trenton, NJ 08695; (vi) the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625; (vii) the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102; (viii) the United States Attorney General, United States Department of Justice, Ben Franklin Station, P.O. Box 683, Washington, DC 20044; (ix) the Debtors' consolidated thirty largest unsecured creditors; and (x) those parties who have filed a notice of appearance and request for service of pleadings in these cases pursuant to Fed. R. Bankr. P. 2002. The Debtors believe that such notice to such parties is reasonably calculated to inform creditors regarding the emergency relief that is being requested and is sufficient under the circumstances.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request entry of the accompanying Interim Order in the form annexed hereto, and for such other and further relief as is just and proper.

Dated: May 2, 2018                                          Respectfully submitted,

                                                                  **PORZIO, BROMBERG & NEWMAN, P.C.**
                                                                  *Proposed Counsel to the Debtors*

                                                                  By: */s/Warren J. Martin Jr.*
                                                                        Warren J. Martin Jr.

3934477